**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TERRENCE SHELTON** | * | **CIVIL ACTION NO.** |
| **Plaintiff** | * | |
| | * | **SECTION** |
| **VERSUS** | * | |
| | * | **JUDGE** |
| **LANDSTAR RANGER, INC.,** | * | |
| **OLD REPUBLIC INSURANCE COMPANY,** | * | **MAGISTRATE** |
| **GEICO CASUALTY COMPANY, ASTON** | * | |
| **CARVALHO, AND TIERA WHITE** | * | **A JURY IS DEMANDED** |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

TO:  The Honorable Judges
of the United States District Court
for the Middle District of Louisiana

**NOW INTO COURT,** through undersigned counsel, come Defendants, Old Republic Insurance Company and Landstar Ranger, Inc. (hereinafter "Defendants"), who submit this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby remove this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I.  BACKGROUND**

1.

On February 3, 2022, Plaintiff, Terrence Shelton (hereinafter "Plaintiff"), filed this lawsuit against Landstar Ranger, Inc., Old Republic Insurance Company, GEICO Casualty Company, Aston Carvalho, and Tiera White in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, bearing Docket No. C-715626, Section "32", and entitled *Terrence Shelton v. Landstar Ranger, Inc., et al.*"  *See* Exhibit 1 (Plaintiff's Petition for Damages).

2.

This lawsuit suit seeks damages from Defendants for injuries allegedly sustained by Plaintiff as a result of a motor vehicle collision that occurred between Tiera White and Aston Carvalho in Baton Rouge, Louisiana, on February 3, 2021. Exhibit 1, at ¶ II-IV. Plaintiff alleges he was a passenger in the vehicle driven by Tiera White at the time of the accident. *Id.*

3.

Plaintiff alleges he sustained personal injuries as a result of the accident and seeks to recover past, present, and future: physical pain and suffering, mental anguish, loss of enjoyment of life, and medical expenses. Exhibit 1, at ¶ VII.

4.

Plaintiff alleges his injuries were caused by the negligence and fault of Defendants. Exhibit 1, at ¶ V, VII.

5.

Plaintiff seeks relief from Defendant, Old Republic Insurance Company, as alleged insurer of Landstar Ranger, Inc. and Aston Carvalho. Exhibit 1, at ¶ VIII.

6.

Plaintiff seeks relief from Defendant, GEICO Casualty Insurance Company, as alleged insurer of Tiera White. Exhibit 1, at ¶ IX.

7.

Plaintiff, Terrence Shelton, is a citizen of Louisiana. Exhibit 1, at Introductory Paragraph.

8.

The Petition makes the following allegations concerning each defendant:

a)  Landstar Ranger, Inc., alleged to be a foreign corporation authorized to do and

doing business in the State of Louisiana;

b) Old Republic Insurance Company, alleged to be a foreign insurance company authorized to do and doing business in the State of Louisiana;

c) Aston Carvalho, alleged to be a person of the full age of majority and a resident of and domiciled in the state of Florida;

d) Tiera White, alleged to be a person of the full age of majority and a resident of and domiciled in the state of Texas; and

e) GEICO Casualty Insurance Company, alleged to be a foreign insurance company authorized to do and doing business in the State of Louisiana. Exhibit 1, at ¶ 1.

9.

Defendants, Landstar Ranger, Inc. and Old Republic Insurance Company, were served with Plaintiff's Petition for Damages and subsequently filed an Exception of Vagueness under article 893 in response on March 9, 2022. *See* Exhibit 2 (Exception on behalf of Defendants).

10.

Defendant, GEICO Casualty Insurance Company, was served with Plaintiff's Petition for Damages on February 15, 2022, and consents to removal of this action. *See* Exhibit 3 (Consent to Removal).

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

A. **AMOUNT IN CONTROVERSY IS SATISFIED**

11.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States . . . ."

12.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

13.

Plaintiff has alleged injuries and damages that, if true, which Defendants deny, place an amount in controversy which exceeds the sum or value of $75,000, exclusive of interest and costs.

14.

As is proper under Louisiana law, the Petition does not quantify an amount of damages. Nevertheless, where the plaintiff has not pled a specific amount of damages, "a court can determine the removal proper if it is facially apparent that the claims are likely above" the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

15.

District courts within the Fifth Circuit have looked to responses to requests for admissions served prior to removal in determining whether the amount in controversy requirement is satisfied. *Pylant v. Sedgwick Claims Management Services, Inc.*, 2017 WL 3446536, at *4 (M.D. La. 2017). Many have held that where plaintiffs denied that they were seeking less than the jurisdictional amount or admitted that they were seeking more than the jurisdictional amount, the amount in controversy is satisfied. *Pylant v. Sedgwick Claims Management Services, Inc.*, 2017 WL

3446536, at *4 (M.D. La. 2017); *Cook v. Wabash Nat. Trailer Centers, Inc.*, 2003 WL 21488125, at *2 (E.D. La. 2003).

16.

Federal courts in Louisiana have held that the amount in controversy is satisfied and the case becomes removable upon a plaintiff's response to a Request for Admission, denying that he not will seek damages or execute a judgment in excess of $75.000. *Freeman v. Witco, Corp.*, 984 F.Supp 443, 448, 450 (E.D. La. 1997). Moreover, removal is proper where a plaintiff denies a Request for Admission asking him to admit the amount in dispute is less than $75,000. *Deville v. Dolgencorp, Inc.*, 2009 WL 1956283, at *2.

17.

An unequivocal response to a request for admission that clearly reveals that the amount in controversy exceeds $75,000 immediately triggers the time period for removal. *Pesch v. Progressive Northwestern Insurance Company*, 2021 WL 1200889, at *10 (M.D. La. 2021).

18.

In his response to Request for Admission, Plaintiff provided her damages in this matter are not less than $75,001.01, exclusive of interest and costs. Exhibit 4 (Response to Request for Admission received 04/25/2022).

19.

Therefore, the amount in controversy requirement is satisfied by Plaintiff's response to the Request for Admission dated 04/25/2022. Exhibit 4.

20.

While Defendants admit no liability, nor any element of damages, Defendants have met their burden of showing that the amount in controversy is in excess of SEVENTY-FIVE

THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

**B. ALL PARTIES ARE DIVERSE**

21.

Plaintiff is a citizen of Louisiana. Exhibit 1, at Introductory Paragraph.

22.

Old Republic Insurance Company is a foreign insurer incorporated in the state of Pennsylvania with its principal place of business in the State of Illinois. *See* Exhibit 6 (Louisiana Department of Insurance Listing for Old Republic Insurance Company).

23.

Landstar Ranger, Inc. is a Delaware corporation with its principal place of business in the State of Florida. *See* Exhibit 7 (Florida Secretary of State Corporation Status for Landstar Ranger).

24.

Aston Carvalho is a resident and domiciliary of the State of Florida. Exhibit 1, at ¶ 1; Exhibit 5 (Police Report).

25.

Tiera White is a resident and domiciliary of the State of Texas. Exhibit 1, at ¶ 1; Exhibit 5 (Police Report).

26.

GEICO Casualty Insurance Company is a foreign insurer domiciled in the state of Nebraska with its principal place of business in the State of Maryland. *See* Exhibit 8 (Louisiana Department of Insurance Listing for GEICO Casualty Insurance Company).

27.

Accordingly, there is complete diversity of citizenship between Plaintiff and Defendants.

## C. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

28.

This removal is timely because it was filed within 30 days of notice that Plaintiff's alleged damages exceed the amount in controversy. *See* Exhibit 4.

29.

Removals under §1442(a)(1) are subject to the time limits set forth in 28 U.S.C. § 1446(b).[1] Generally, a civil action must be removed within 30 days after the defendant receives a copy of the initial pleading "setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."[2] However, if the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or ***other paper*** from which it may first be ascertained that the case is one which is or has become removable."[3] This is especially true in Louisiana given "a plaintiff is not required to plead with certainty a request for monetary damages. Therefore, in this instance, federal jurisdiction can only be determined by an amended pleading alleging specific damages, a motion, an order from the court or an 'other paper.'"[4]

30.

"'[O]ther paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction."[5] "[A] defendant's

---

[1] *See Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 (5th Cir. 2018).
[2] 28 U.S.C. § 1446(b)(1).
[3] 28 U.S.C. §1446(b)(3) (emphasis added).
[4] *Jones v. Chavez*, 2012 WL 441251, at *2 (E.D. La. Feb. 10, 2012)
[5] *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (quoting *S.W.S. Erectors*, 72 F.3d 489, 494

subjective knowledge cannot convert a case into a removable action."[6] Further, "[T]he information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)."[7]

31.

The Fifth Circuit set out that "[s]ection 1446(b)(3)'s removal clock begins ticking upon receipt of the deposition transcript" said to constitute the "other paper," and not from the date of the oral deposition.[8] Likewise, a plaintiff's denial of a request for admission that her claim does not exceed $75,000 in value may be used as evidence that a case is removable.[9]

32.

Here, Plaintiff's denial of Defendants' request for admission was the "other paper" from which it could first be ascertained the case was removable, thus triggering the 30-day timeline for removal, i.e. 04/25/2022. Exhibit 4.

33.

Given the above, this is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et. seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and complete diversity exists between all adverse parties. As such, removal is appropriate.

34.

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is

---

(5th Cir. 1996)).
[6] *S.W.S. Erectors*, 72 F.3d at 494.
[7] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).
[8] *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 612 (5th Cir. 2018).
[9] *See, e.g.*, *Cook v. Wabash Nat. Trailer Centers, Inc.*, No. CIV.A. 03-0955, 2003 WL 21488125, at *2 (E.D. La. June 20, 2003); *Grace v. Progressive Cas. Ins. Co.*, 2019 WL 1110759, at *3 (E.D. La. Mar. 11, 2019).

located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(b).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

35.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition for Damages is attached hereto and marked by identification as Exhibit "1."  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs and a copy is being filed with the Clerk of Court for the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

36.

No previous application has been made for the relief requested herein.

37.

Consistent with the provisions under 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the 19th Judicial Court for the Parish of East Baton Rouge.

38.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies reading the foregoing Notice of Removal, that to the best of their knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper use.

39.

By filing this Notice of Removal, Defendants do not waive and hereby reserve all defenses and objections.

40.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

41.

Defendants are entitled to and request a trial by jury herein on all issues.

**WHEREFORE**, Defendants, Old Republic Insurance Company and Landstar Ranger, Inc., respectfully pray that the above numbered and entitled cause of action on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be hereby removed from said court to the docket of United States District Court for the Middle District of Louisiana, for a trial by jury herein, and for all other general and equitable relief.

Respectfully submitted,

　/s/　E. Madison Barton
**KYLE P. KIRSCH (Bar No. 26363)**
**E. MADISON BARTON (Bar No. 36719)**
**SARA L. BRASLOW (Bar No. 38815)**
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone:  504-324-6493
Facsimile:  504-324-6626
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was sent via electronic mail to all counsel of record and filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system and/or via electronic mail this 25th day of May, 2022.

　/s/　E. Madison Barton