UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRENCE SHELTON**                                              **CIVIL ACTION**

**VERSUS**

                                                               **NO. 22-337-BAJ-SDJ**

**LANDSTAR RANGER, INC.**

## ORDER

Before the Court is a Motion to Compel (R. Doc. 9) filed by Defendants Old Republic Insurance Co., Landstar Ranger, Inc., and Aston Carvalho on December 27, 2022. In their Motion, Defendants seek an order compelling Plaintiff "to respond to Defendants' written discovery and provide [defense] counsel with Plaintiff's deposition availability."[1] Defendants also seek an award of reasonable expenses incurred in filing the instant Motion.[2] Plaintiff Terrence Shelton has not responded to the Motion to Compel, and the deadline for filing an opposition has passed. *See* LR 7(f) (responses to motions are due within 21 days). As such, the Court considers Defendants' Motion unopposed.

**I.      Plaintiff's Discovery Responses**

Pursuant to Federal Rules of Civil Procedure 33 and 34, a party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty days after service of the requests. *Nisiewicz v. Lovett*, No. 11-159, 2012 WL 170177, at *1 (M.D. La. Jan. 19, 2012), citing Fed. R.

---

[1] R. Doc. 9 at 1.
[2] R. Doc. 9-1 at 4.

Civ. P. 33 and 34. If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Federal Rule of Civil Procedure 37. *See, e.g., Lauter v. SZR Second Baton Rouge Assisted Living, LLC*, No. 20-813, 2021 WL 2006297 (M.D. La. May 19, 2021).

Here, as alleged by Defendants, they propounded written Interrogatories and Requests for Production on Plaintiff on July 25, 2022.[3] After receiving no responses from Plaintiff, Defendants, on September 28, 2002, sent an email to Plaintiff's counsel setting a Rule 37 conference on October 6, 2022.[4] On October 6, 2022, when Plaintiff did not participate in the conference, defense counsel again emailed Plaintiff's counsel, saying, "I called your office for the scheduled Rule 37 conference this morning but was unable to reach you. I left a voicemail but wanted to follow up here as well."[5] Defense counsel then asked Plaintiff's counsel to advise her how much additional time Plaintiff needed to respond to the propounded discovery.[6] Counsel for both sides agreed, via email, to a two-week extension.[7] After the agreed-to deadline, October 20, 2022, passed without any responses being filed, defense counsel then sent three subsequent emails, spanning from October 26, 2022 to November 8, 2022, to Plaintiff's counsel asking about the status of the responses.[8] No discovery responses have yet been received.

As stated above, Plaintiff has not filed an opposition to this Motion to Compel, and the deadline for doing so has passed. The Court, therefore, considers this Motion unopposed. In addition, Defendants represent in their Motion to Compel that Plaintiff's counsel previously agreed to respond to Defendant's discovery requests within two weeks of the attempted October 6, 2022

---

[3] R. Doc. 9-1 at 1.
[4] R. Doc. 9-4 at 2-3.
[5] *Id.* at 2.
[6] *Id.*
[7] *Id.* at 1-2.
[8] R. Doc. 9-5 at 1-3.

Rule 37 conference.[9] As such, the Court will grant Defendant's request and order Plaintiff to respond fully to Defendant's discovery requests **within 15 days** of the date of this Order.

## II.    Plaintiff's Deposition

Per Federal Rule of Civil Procedure 30(a)(1), a party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2), which exceptions are not applicable in this case. A person having knowledge of facts sought by the moving party is subject to examination. *Nisiewicz*, 2012 WL 170177, at *2, citing CJS Federal Civil Procedure § 619 (2011); *Xavier v. Belfor USA Group, Inc.,* 2009 WL 3231547, at *1 (E.D. La. 2009).

In their Motion, Defendants also claim they have been attempting to schedule the deposition of Plaintiff since September 26, 2022.[10] Previously, the Parties agreed to take the deposition on November 11, 2022.[11] The deposition, however, was postponed when Plaintiff failed to provide discovery responses, which Defendants assert they need prior to the deposition being taken.[12] Per Defendants, "[s]ince then, [defense] counsel has requested that Plaintiff provide dates for the outstanding deposition" and "[d]espite repeated requests for deposition availability, Defendants have not been provided with any options for Plaintiff's or opposing counsel's deposition availability."[13]

Plaintiff here is subject to oral deposition examination by Defendants because he is the Party that filed this suit and has knowledge concerning the facts underlying his claims. As the Parties previously have agreed to a date for Plaintiff's deposition, and as no opposition to this

---

[9] R. Doc. 9-4 at 1.
[10] R. Doc. 9-1 at 2.
[11] *Id.*
[12] *Id.*; R. Doc. 9-5 at 1-2.
[13] *Id.*

Motion has been filed, the Court will grant Defendants' Motion. Because the Parties have expressed a need to receive and review the outstanding discovery requests before said deposition, the Court instructs Plaintiff to provide defense counsel at least five dates he is available to have his deposition taken within the 30 days following the deadline for submission of his discovery responses.

### III. Award of Expenses

Pursuant to Rule 37(a)(5)(A), if a motion to compel discovery is granted, the court must, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party's reasonable expenses incurred in making the motion, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the discovery without court action; that the party's nondisclosure, response or objection was substantially justified; or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, Plaintiff has failed to respond not only to Defendants' efforts to obtain the requested discovery responses, but also to the instant Motion to Compel. Moreover, the record indicates that none of the statutory exceptions to an award of expenses applies. Defendants, therefore, are entitled to reasonable expenses under this rule. Defendants, however, did not file anything in the record demonstrating the amount of expenses and attorneys' fees incurred in filing this Motion. A review of the Motion and supporting memorandum supports the conclusion that an award of $500.00 is reasonable.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Motion to Compel (R. Doc. 9) filed by Defendants Old Republic Insurance Co., Landstar Ranger, Inc., and Aston Carvalho is **GRANTED**. **Within 15 days** of the

date of this Order, Plaintiff Terrence Shelton is ordered to provide complete written responses to the Interrogatories and Requests for Production of Documents propounded to him on July 25, 2022. **Within seven (7) days** of the date of this Order, Plaintiff is ordered to provide to defense counsel no less than five (5) dates he is available to be deposed, which dates must fall within the 30 days following the deadline for his submission of his discovery responses.

**IT IS FURTHER ORDERED** that, pursuant to Rule 37(a)(5)(A), Plaintiff is ordered to pay Defendants reasonable expenses in the amount of $500.00 **within 15 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on January 31, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**